UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5880-RAO Date: October 19, 2026
Title: Qingmei Lin v. Warden, Adelanto ICE Processing Center, et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| | |
|---|---|
| C. Delgado | N/A |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner, a non-citizen represented by counsel and currently in immigration custody, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 5, 2026. Dkt. No. 1 ("Pet."). Respondents filed their Answer on October 13, 2026. Dkt. No. 8 ("Ans."). Petitioner did not file a reply.

## II. FACTUAL BACKGROUND

Petitioner, a citizen of China, arrived in the United States in May 2026 on an nonimmigrant visa. Pet. at 2. Some time after her arrival, she applied for asylum. After her visa expired, she continued to remain in the country. *Id.* On September 21, 2026, immigration authorities arrested her when she appeared for an appointment with U.S. Citizenship and Immigration Services related to her asylum application. *Id.*

## III. PARTIES' ARGUMENTS

The Petition alleges Petitioner was arrested without a warrant in violation of 8 U.S.C. § 1357 of the Immigration and Nationality Act; her seizure violates the Fourth Amendment; her detention violates the Due Process Clause of the Fifth Amendment; and, lastly, Respondents' conduct violates the Administrative Procedure Act ("APA"). Pet. at 2-3, 17-31. In the alternative, the Petition pleads that if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5880-RAO Date: October 19, 2026
Title: Qingmei Lin v. Warden, Adelanto ICE Processing Center, et al.

Petitioner is not ordered released, then she be provided with a prompt bond hearing. *Id.* at 31-32. Respondents argue that, because this is Petitioner's first detention, she is properly detained pending a bond hearing. Ans. at 1. While acknowledging that Petitioner is entitled to a bond hearing, Respondents contend she have not requested such a hearing and must exhaust administrative remedies before seeing relief in this Court. *Id.* at 2.

## IV. DISCUSSION

A court may grant a petition for writ of habeas corpus if a petitioner demonstrates that they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The government violates the constitution if it holds a non-citizen in custody without affording due process. *See Zadvydas v. Davis*, 533 U.S. 678, 687, 693 (2001).

Due process, which extends to noncitizens present in the United States, prohibits deprivation of liberty without affording notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A noncitizen who has previously been detained and then released on supervision and complies with the conditions of release has a constitutionally protected interest that may require a pre-deprivation hearing before being re-detained. *See, e.g., Singh v. Semaia*, 2026 WL 2281009 (C.D. Cal. Aug. 4, 2026). In the present case, however, Petitioner is situated differently because she has not been detained previously and released on supervision. While a noncitizen not previously detained who builds a life in this country with substantial ties over a period of time may likewise develop a protected liberty interest in remaining out of immigration custody, that is not Petitioner's situation. Here, Petitioner has lived in the United States for only a brief time—arriving in May 2026, with her unauthorized status commencing in sometime before her September 21, 2026 arrest—and was taken into immigration custody relatively close in time to when she fell out of status.

A procedural due process analysis follows a now-familiar two-step framework: first, determine whether an individual has a protected liberty interest; second, examine what procedures are necessary to ensure that any deprivation of that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5880-RAO Date: October 19, 2026
Title: Qingmei Lin v. Warden, Adelanto ICE Processing Center, et al.

interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022).

With respect to the first step, Petitioner has a protected liberty interest in remaining free from detention as of the date of her detention. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty [that due process] protects."). On the facts here, the difficult question presented is what process is due to Petitioner. The opportunity to be heard "at a meaningful time and in a meaningful manner" does not always equate to a pre-detention hearing; sometimes, the provision of a post-detention hearing will satisfy due process. *See, e.g., Cui v. Mullin et al.*, 2026 WL 2722727, at *2 (C.D. Cal. Sept. 15, 2026).

The Court turns to the *Mathews* factors to resolve what procedures were owed to Petitioner. Under *Mathews*, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335. Consideration of these factors leads the Court to conclude that a prompt post-deprivation hearing will satisfy due process. *See, e.g., Cui*, 2026 WL 2722727, at *2 (collecting cases finding that petitioners who overstayed their visas, had not been in the country for lengthy periods, and were not previously detained were entitled to post-deprivation bond hearings).

Accordingly, the Court concludes that Respondents must provide a prompt bond hearing at which they are required to prove by clear and convincing evidence that Petitioner is a danger to the community or a risk of flight. *See Martinez v. Clark*, 124 F.4h 775, 785 (9th Cir. 2024). In reaching this conclusion, the Court rejects Respondents' argument that Petitioner must first exhaust administrative remedies by requesting a bond hearing. The exhaustion requirement is prudential, not jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Given the constitutional challenge

raised by the Petition, which could not be brought before an immigration judge, the Court finds waiver of exhaustion is appropriate here.

With respect to Petitioner's 8 U.S.C. § 1357(a) claim, *see* Pet. at 2-3, 17-21, the Court finds release from custody is not the appropriate remedy. As many courts have ruled, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *See, e.g., Hernandez v. Facility Administrator*, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (while petitioner's arrest appeared to violate Section 1357(a) and applicable regulations, the remedy is typically not dismissal of a proceeding and release by way of a habeas petition); *Suraj v. Bondi*, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (same); *Singh*, 2026 WL 2970609, at *4 (same). The Court's conclusion is the same with respect to Petitioner's claim of a Fourth Amendment violation. *Singh*, 2026 WL 2970609, at *4. Finally, because Petitioner has an adequate remedy in this habeas action, the Court denies her APA claim. *See T.L. v. Andrews et al.*, 2026 WL 28224670, at *1 n.3 (E.D. Cal. Sept. 21, 2026).

## V. CONCLUSION

Accordingly, for the reasons set forth above, the Court GRANTS in PART the Petition and ORDERS as follows:

1. Petitioner's Due Process claim is granted and the remaining claims of the Petition are denied.
2. Respondents are enjoined from continuing to detain Petitioner unless she is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order; and
3. Respondents are directed to file a status report within 10 days of the entry of this Order substantiating compliance with the Court's Order.

**IT IS SO ORDERED.**